[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8088
The plaintiff, Falvey Construction Corporation, by writ summons and complaint, dated December 11, 1995, claims that the defendant, City of Middletown, caused unreasonable delays in the performance of a contract with the result that the plaintiff suffered damages including lost projects and additional costs for labor.
On July 12, 1996, the defendant filed its answer and the parties were at issue.
After a full trial, the parties present and represented by counsel, the court, based on the preponderance of the credible, relevant, reliable and legally admissible evidence and the logical, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
On June 1, 1994, the defendant and the plaintiff entered into a written contract wherein the plaintiff would perform certain work and provide materials and services in the construction of a radio tower at the Cross Street Fire House in the City of Middletown. In consideration therefore, the defendant agreed to pay to the plaintiff $99,833.00.
The contract specifications called for a Rohn Model S.S.V. tower or an approved equal. After being awarded the contract, the plaintiff notified the defendant that it wished to substitute a Pirod tower, pursuant to the "or equal" clause of the contract for the specified Rohn tower. By letter, dated June 24, 1994, the plaintiff formally notified the defendant that it intended to substitute the Pirod tower for the Rohn. The defendant requested complete specifications concerning the Pirod because the tower was to be used for emergency communication systems. After a series of letters with regard to the Pirod specifications which were essential for the defendant to determine the adequacy of the substituted tower "as equal", the defendant, on September 8, 1994, notified the plaintiff of its approval of the substitute tower.
The defendant contends that the plaintiff did not timely respond to the defendant's request for a substituted, equal tower. The court disagrees and expressly finds that any delay in the completion of the project was caused by the plaintiff's desire to furnish a substitute tower. The court expressly finds that the defendant's responses under the facts and circumstances in this case were prudent, reasonable and timely.
Accordingly, the court finds the issues for the defendant and enters judgment for the City of Middletown on the plaintiff's complaint, with CT Page 8089 costs.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE